1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RUSSELL WHITE,

11         Plaintiff,                    No. CIV S-08-2013 KJM

12      vs.

13
     MICHAEL J. ASTRUE,
14   Commissioner of Social Security,

15         Defendant.              ORDER

16   _____/

17         Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under

19   Title II of the Social Security Act ("Act").   For the reasons discussed below, the court will deny

20   plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary

21   judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

22   /////

23   /////

24   /////

25   /////

26   /////

1

1    I.  Factual and Procedural Background

2          In a decision dated October 20, 2006, the ALJ determined plaintiff was not

3    disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals

4    Council denied plaintiff's request for review.  The ALJ found plaintiff has severe impairments of

5    post surgical wrist condition, bilateral carpal tunnel syndrome, thoracolumbar sprain/strain back,

6    kidney stones and depression but these impairments do not meet or medically equal a listed

7    impairment; plaintiff is not totally credible; plaintiff has the residual functional capacity to

8    perform unskilled light work tasks that involve occasional postural activities, minimal use of the

9    non-dominant left arm/hand and minimal contact with the public and that allow for the avoidance

10   _____

11        [1] Disability Insurance Benefits are paid to disabled persons who have contributed to the
     Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid
12   to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability
     is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a
13   medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) &
     1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R.
14   §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The
     following summarizes the sequential evaluation:

15
             Step one:  Is the claimant engaging in substantial gainful
16   activity?  If so, the claimant is found not disabled.  If not, proceed
     to step two.
17           Step two:  Does the claimant have a "severe" impairment?
     If so, proceed to step three.  If not, then a finding of not disabled is
18   appropriate.
             Step three:  Does the claimant's impairment or combination
19   of impairments meet or equal an impairment listed in 20 C.F.R., Pt.
     404, Subpt. P, App.1?  If so, the claimant is automatically
20   determined disabled.  If not, proceed to step four.
             Step four:  Is the claimant capable of performing his past
21   work?  If so, the claimant is not disabled.  If not, proceed to step
     five.
22           Step five:  Does the claimant have the residual functional
     capacity to perform any other work?  If so, the claimant is not
23   disabled.  If not, the claimant is disabled.

24   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

25        The claimant bears the burden of proof in the first four steps of the sequential evaluation
     process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential
26   evaluation process proceeds to step five.  Id.

1   of exposure to machinery and driving; there are a significant number of jobs in the national

2   economy that plaintiff could perform; and plaintiff is not disabled.  Administrative Transcript

3   ("AT") 26-27.  Plaintiff contends the ALJ improperly rejected the opinion of a treating physician,

4   made improper credibility determinations, and failed to properly credit the testimony of a

5   vocational expert.[2]

6   II.  Standard of Review

7           The court reviews the Commissioner's decision to determine whether (1) it is

8   based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

9   record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

10  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

11  Substantial evidence means more than a mere scintilla of evidence, but less than a

12  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

13  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

14  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

15  U.S. 389, 402 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

16  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir.

17  1986), and both the evidence that supports and the evidence that detracts from the ALJ's

18  conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may

19  not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.;

20  see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)  If substantial evidence supports

21  the administrative findings, or if there is conflicting evidence supporting a finding of either

22  disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d

23  /////

24  ―――――――――――

25          [2]  As discussed below, the ALJ's  reliance on an incomplete hypothetical posed to the
    vocational expert requires remand of this matter with direction regarding credibility
    determinations on remand.  The court finds no error in the weight assigned by the ALJ to the

26  opinion of the treating physician.

1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was

applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.  Analysis

    A.  Vocational Expert

        Plaintiff challenges the ALJ's finding at the fifth step of the sequential evaluation,

contending that the ALJ relied on an incomplete hypothetical.  Hypothetical questions posed to a

vocational expert must set out all the substantial, supported limitations and restrictions of the

particular claimant.  Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  If a hypothetical

does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national

economy the claimant can perform has no evidentiary value.  DeLorme v. Sullivan, 924 F.2d

841, 850 (9th Cir. 1991).  While the ALJ may pose to the expert a range of hypothetical

questions, based on alternate interpretations of the evidence, the hypothetical that ultimately

serves as the basis for the ALJ's determination must be supported by substantial evidence in the

record as a whole.  Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

        The ALJ found there were a significant number of jobs plaintiff could perform,

including that of surveillance system monitor and oiler.  AT 26.  This finding was predicated on

the testimony of the vocational expert.  AT 728-729, 734.  When additional limitations related to

a moderate impairment in the ability to maintain concentration, persistence and pace were added

to the hypothetical by plaintiff's attorney, the vocational expert testified that plaintiff would not

be able to perform the identified jobs.  AT 736-737.  The additional limitations are supported by

substantial evidence of the opinions of the examining psychiatrist, Dr. Roux, and the state agency

physicians.  AT 262, 284-285.  The ALJ accorded "significant" and "great" weight to these

opinions.  AT 22, 23.  There is no explanation as to why the ALJ rejected the moderate limitation

in maintaining concentration, persistence and pace in the hypothetical relied on in finding

plaintiff could perform the jobs of surveillance system monitor and oiler.  Under these

circumstances, the ALJ committed error.

B. Remand and Credibility

Regarding whether to remand this case to the ALJ or to order the payment of benefits, "[t]he decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Generally, the court will direct the award of benefits "in cases where no useful purpose would be served by further administrative proceedings or where the record has been thoroughly developed." Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1988).

Although plaintiff contends the matter should be remanded for payment of benefits, the court cannot conclude that such a remand is appropriate here.  Although the vocational expert testified plaintiff could not perform the identified jobs when the additional limitations were included in the hypothetical, there was no follow up question posed as to whether any other jobs would be available if all of the limitations were included.  Further testimony in this regard should be taken.

With respect to the credibility issue, on remand, if plaintiff's testimony regarding his subjective complaints is discredited, the ALJ must, in the absence of affirmative evidence showing that plaintiff is malingering, set forth clear and convincing reasons for rejecting plaintiff's testimony.  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  If laywitness testimony is discounted, reasons that are germane to that witness must be set forth in the opinion.  See Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

/////

/////

/////

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's motion for summary judgment is denied;

3    2.  The Commissioner's cross motion for summary judgment is denied; and

4    3.  This matter is remanded for further proceedings consistent with this order.

5    DATED:  September 30, 2009.

6

7    _____

8    U.S. MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    006
      white2.ss